CITY OF WINTER HAVEN, et al., v. STATE ex rel. ELOISE GROVES.

(Two Cases.)

153 So. 92.

Division A.

Opinion Filed February 27, 1934.

*Henry L. Jollay,* for Plaintiff in Error;
*A. Summerlin,* for Defendant in Error.

PER CURIAM.—In the two cases above mentioned the parties are the same and the questions of law presented by each writ of error are identical, the only difference between the two cases being in the number and designation of the bond involved. From two adverse judgments for relator in mandamus in the court below, the respondent has sued out writ of error and the point presented for reversal is whether or not the issuance of a peremptory writ commanding the levy of a tax to pay certain defaulted bonds. was authorized by the pleadings and proceedings had.

While good form requires a proper recital of all of the salient facts in an alternative writ of mandamus, it cannot be said on writ of error to a final judgment otherwise properly rendered, awarding a peremptory writ, that the preliminary issuance of an alternative writ in terms and language which by reference definitely makes the allegations. of the petition a part of the alternative writ issued instead of reciting in the alternative writ the allegations of the petition, is such harmful error as to work reversal of the final judgment, where it conclusively appears as in this case, that no prejudice therefrom has resulted to the complaining

party. This is true notwithstanding the fact that we would undoubtedly affirm a ruling quashing an alternative writ of so material departure from the accepted forms as to involve a complete omission from such alternative writ of recitals of the essential facts set forth in the allegations of the petition, in lieu of referring to and making the petition itself a part of the alternative writ by mere reference thereto. However, a failure to comply with matters of form may be considered as harmless error for which no reversal will be ordered when it affirmatively appears that no prejudice could have resulted to the complaining party.

Other propositions relied on have been examined and considered, but are overruled on the authority of what was said in Humphreys v. State, 108 Fla. 92, 145 Sou. Rep. 858, and cases cited.

Affirmed as to both judgments.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.